IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE CURRY JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:16cv99-WKW |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a *pro se* motion under 28 U.S.C. § 2255 filed on February 11, 2016, by Willie Curry Johnson ("Johnson). Doc. No. 1. Johnson challenges his convictions and resulting 292-month sentence for conspiracy to distribute at least 50 grams of crack cocaine and a detectable amount of cocaine, three counts of possession with intent to distribute at least 5 grams of crack cocaine and a detectable amount of cocaine, and possessing a firearm as a convicted felon. *See* Case No. 3:08cr138-MEF. He maintains that newly discovered evidence and government misconduct warrant the vacatur of his convictions and sentence. Doc. No. 1 at 4. For the reasons that follow, the court finds that Johnson's motion should be dismissed as a successive § 2255 motion filed without the required appellate court authorization

## I.   DISCUSSION

This is the second § 2255 motion filed by Johnson attacking the convictions and sentence imposed in Case No. 3:08cr138-MEF. Johnson's first § 2255 motion was filed on

September 28, 2011.  *See* Civil Action No. 3:11cv829-WHA, Doc. No 1.  This court denied

that § 2255 motion with prejudice after finding Johnson's claims for relief lacked merit.  *Id*.,

Doc. No. 39 (May 29, 2014, Recommendation of Magistrate Judge) and Doc. Nos. 43 & 44

(July 8, 2014, Order & Final Judgment of District Court).

 The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file

a second or successive § 2255 motion in the district court, the movant must first move in the

appropriate court of appeals for an order authorizing the district court to consider the

motion.  *See* 28 U.S.C. § 2244(b)(3)(A).  The appellate court, in turn, must certify that the

second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven

and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

convincing evidence that no reasonable factfinder would have found the movant guilty of

the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral

review by the Supreme Court, that was previously unavailable."  *See* 28 U.S.C. § 2255(h).

 Here, Johnson has not received certification from the Eleventh Circuit Court of

Appeals authorizing this court to consider a successive § 2255 motion.  A district court lacks

jurisdiction to consider a successive § 2255 motion where the movant fails to obtain

permission from the appellate court to file a successive motion.  *See, e.g., Farris v. United

States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377

F.3d 1315, 1317 (11th Cir. 2004).  This court lacks jurisdiction to consider Johnson's present

§ 2255 motion, and the motion should be summarily dismissed.

2

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion (Doc. No. 1) be DISMISSED, as Johnson has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further ORDERED that the parties shall file any objections to this Recommendation or before March 2, 2016.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 17th day of February, 2016.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

3